UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Criminal Case No. 22-213 (TSC) |
| GARY WILLIAMS, | 21-mj-00659 |
| Defendant. | |

**GOVERNMENT'S STATEMENT OF OFFENSE IN
SUPPORT OF DEFENDANT'S PLEA OF GUILTY**

The United States of America, by its attorney, the United States Attorney for the District of Columbia, respectfully submits the following Statement of Offense in Support of a Proposed Plea of Guilty by the defendant in the above-captioned matter.

*Elements of the Offense*

Possession with Intent to Distribute 10 Grams or More of Actual Phencyclidine (PCP): The essential elements of the offense of possession with intent to distribute 10 grams or more of PCP (actual) are:

(1) That the defendant possessed a controlled substance;

(2) That the defendant did so knowingly and intentionally. This means consciously, voluntarily and on purpose, not mistakenly, accidentally or inadvertently; and

(3) That when the defendant possessed the controlled substance, he had the specific intent to distribute it. Distribute means to transfer or attempt to transfer to another person.

(4) That the controlled substance was 10 grams or more of PCP (actual).

Using, Carrying, and Possessing a Firearm During and in Relation to, or in Furtherance of, a Drug Trafficking Offense: As relevant here, the essential elements of Using, Carrying, and Possessing a Firearm During and in Relation to, or in Furtherance of, a Drug Trafficking Offense

are:

1. That the defendant committed a drug trafficking crime prosecutable in federal court;

2. That the defendant knowingly used, carried or possessed a firearm; and

3. That the use or carrying of the firearm was during and in relation to, or the possession of the firearm was in furtherance of, the defendant's drug trafficking crime.

*Penalties for the Offense*

Possession with Intent to Distribute 10 Grams or More of Actual Phencyclidine (PCP):

The penalty for possession with Intent to Distribute 10 Grams or More of PCP (actual) is

(1) a term of imprisonment which may not be less than 5 years nor more than 40 years;

(2) a fine not to exceed the greater of that authorized in accordance with the provisions of Title 18 or $5,000,000;

(3) a term of supervised release of not less than 4 years;

(4) a special assessment of $100.

Using, Carrying, and Possessing a Firearm During and in Relation to, or in Furtherance of, a Drug Trafficking Offense: The penalty for Using, Carrying, and Possessing a Firearm During and in Relation to, or in Furtherance of, a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c) is

(1) a term of imprisonment which may not be less than 5 years nor more than life to be served consecutively to any other term of imprisonment;

(2) a fine not to exceed $250,000;

(3) a term of supervised release of not more than 5 years, after any period of incarceration;

(4) a special assessment of $100.

United States Sentencing Guideline § 5E1.2 permits the Court to impose an additional fine to pay the costs of imprisonment and any term of supervised release and/or probation.

### *Factual Proffer*

The following proffer of the government's evidence is intended only to provide the Court with enough evidence to satisfy the mandate of Rule 11(b)(3) of the Federal Rules of Criminal Procedure. This proffer is not intended to be a disclosure of all the evidence available to the United States nor, to the extent it makes representations concerning anything the defendant said, is it a recitation of all that the defendant said.

Had this matter gone to trial, the government's evidence would have shown, beyond a reasonable doubt, the following:

On or about November 16, 2021, at approximately 6:00 a.m., law enforcement members of the Metropolitan Police Department (MPD) and the Federal Bureau of Investigation (FBI) executed a D.C. Superior Court search warrant at 2413 7th Place, S.E. Apt. #12, Washington, D.C. 20019. After knocking and announcing, "police search warrant open the door," multiple times and getting no response to open the door, law enforcement officers forced entry into the apartment.

Upon gaining entry, law enforcement officers observed defendant Gary Williams coming from the pantry in the kitchen. The officers conducted a search of the pantry and recovered the following: a privately made firearm ("PMF"), constituting a semi-automatic .40 caliber pistol, which consisted of a Glock 22 slide (serial number BDU028) and a barrel (serial number BFN202), with a 15-count magazine containing 13 rounds of ammunition in the magazine and one round in the chamber, that appeared to be in good working order and operable; a black bag containing a plastic twist containing a white powdery substance that a DEA chemist determined was 125.2

grams of cocaine, and a plastic twist containing a tan rock like substance that a DEA chemist determined was 46.2 grams of cocaine base; a shoebox containing a glass 4 oz vial with yellow liquid with a distinct chemical odor (approximately 2/3 full of suspected Phencyclidine (PCP)) that a DEA chemist determined was 16.05 grams of actual PCP and 69.63 grams of a mixture or substance containing a detectable amount of PCP; and $1,000 in U.S. Currency. A search of a kitchen cabinet revealed a plastic twist containing 69 zips with a white rock like substance that a DEA chemist determined was 8.36 grams of cocaine base.  A search of a shoebox inside a bedroom revealed a plastic twist containing a white rock like substance that a DEA chemist determined was .269 grams of Eutylone Hydrochloride, a Schedule I synthetic cathinone controlled substance also referred to as "bath salt."  A search of the defendant revealed $840 in U.S. Currency in his left rear jeans pocket.  At the scene, while the search warrant was being executed, the defendant admitted that the drugs and firearm were his. The defendant was placed under arrest and gave consent to the officers to obtain buccal DNA swabs.

    The FBI Agents sent the firearm that was recovered, along with the defendant's buccal swab sample of DNA, to the FBI forensic laboratory for comparison.   The forensic laboratory concluded that the DNA profile recovered from the pistol is at least 19 trillion times more likely to have originated from Williams as a component than if it originated from unrelated and unknown individuals.

    The government would have presented a drug expert at trial who would have testified that based upon the type of narcotics, their weight and packaging, and the amount and location of the U.S. currency, the possession of the narcotics is consistent with an intent to distribute the narcotics and not to use personally.   The expert would have also testified that firearms are tools of the drug

4

[Handwritten annotations in right margin: "OPE", "PE", "4. W"]

trade and that drug traffickers possess and use firearms in furtherance of their drug trafficking activity to protect themselves, their drug proceeds, and their drugs from other drug traffickers and from those who rob drug traffickers.

The defendant admits that the narcotics are cocaine base, cocaine, and PCP, and that he possessed the narcotics with the intent to redistribute them to others. The defendant further admits that he possessed the firearm in furtherance of his drug trafficking activity, to protect himself, his drugs, and his drug proceeds.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY

GEORGE ELIOPOULOS
Assistant United States Attorney

## *Defendant's Acceptance*

I have read or had read to me the pages which constitute the government's Statement of Offense and have discussed it with my attorney. I fully understand this proffer and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in my plea agreement.

I am satisfied with the legal services provided by my attorney in connection with this proffer and my plea agreement and matters related to it.

Date: 6/21/22

GARY WILLIAMS
Defendant

## *Attorney's Acknowledgment*

I have read each of the pages which constitute the government's Statement of Offense, reviewed them with my client, and discussed the provisions of the proffer with him fully. These pages accurately set forth the government's proof as I understand it.

Date: 6/21/22

PETER A. COOPER, Esquire
Attorney for GARY WILLIAMS

6